UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TROY A. CROMLEIGH, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : CIVIL NO. 3:CV-08-0031 |
| | : |
| CHARLES F. CHENOT, et al., | : (Judge Kosik) |
| | : |
| Respondents | : |

**Memorandum and Order**

**Background**

Petitioner Troy A. Cromleigh, an inmate confined at the State Correctional Institution at Albion, Pennsylvania, originally filed this petition for writ of mandamus pursuant to 28 U.S.C. § 1651 in the United States District Court for the Western District of Pennsylvania. Named as Respondent was the Commonwealth of Pennsylvania. In the petition, Cromleigh requests that the Western District Court order the Court of Common Pleas of Perry County to provide him with copies of hearing transcripts, reports and discovery in his underlying criminal case in said court. On October 19, 2007, the Western District Court granted Petitioner's motion to proceed in forma pauperis and directed service of the petition. (Doc. 2.) A response was thereafter submitted arguing that (1) an improper Respondent was

named and (2) even if a proper Respondent were named, the federal court lacked subject matter jurisdiction to entertain the petition. (Doc. 4.)  As relief, Respondent requested that either the petition be dismissed or, in the alternative, transferred to the Middle District of Pennsylvania.

A motion to amend the petition to name the proper Respondent was subsequently filed by Petitioner and the motion granted by the Western District Court.  Named as the new Respondents are Charles F. Chenot of the Perry County District Attorney's Office and Attorney Jerry A. Philpott, Petitioner's court-appointed counsel in his underlying Perry County criminal matter.

On December 5, 2007, a Report and Recommendation was issued recommending that the petition be transferred to this court pursuant to 28 U.S.C. § 1404(a) in that the Respondents are located in Perry County, Pennsylvania, which is located within the Middle District of Pennsylvania.  An Order was issued on January 3, 2008, adopting the Report and Recommendation, and directing that the case be transferred to this district.

The petition is presently before this court for consideration.  For the reasons that follow, the petition will be denied on the basis of lack of subject matter jurisdiction, without prejudice to any right Petitioner may have to seek redress in state court.

**Discussion**

By way of the pending mandamus petition, Petitioner requests this federal court to compel the Perry County Court of Common Pleas to furnish him with copies of various transcripts and reports pertaining to his underlying county criminal action. He contends that he requested his court-appointed counsel Jerry Philpott to provide him with these copies, but he refused. Petitioner states that he has written to the Perry County Court of Common Pleas and has been ignored. Petitioner further states that he has filed a petition for writ of habeas corpus in the county court and that the court refuses to provide him with a stamped copy of his petition or a copy of the docket entries in said matter.

Title 28 U.S.C. § 1361 provides that, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Section 1361 does not confer on this court jurisdiction to issue a writ of mandamus to compel a state judicial officer to act in matters pending in that officer's court. See Urich v. Diefenderfer, 18991 WL 17820 (E.D. Pa. Feb. 11, 1991). Nor is any employee of the Perry County Court "an officer or employee of the United States or any agency thereof" against whom this court may issue a writ of mandamus under § 1361.

The All Writs Act, 28 U.S.C. § 1651(a), to which Petitioner specifically cites,

permits federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." While § 1651 permits this court to issue a writ of mandamus in aid of its own jurisdiction, it does not confer upon federal courts general jurisdiction to issue a writ of mandamus to compel a state judicial officer to act in matters pending in that officer's court. See Wilson v. Salem County Correctional Facility, 2005 WL 2654140 at *5 (D.N.J. Oct. 13, 2005)(and cases cited therein). Such a petition is properly brought before the state court with supervisory power over the allegedly errant court. See Afrika v. Goldman, 1986 WL 9494 (E.D. Pa. Aug. 28, 1986).

Section 1651 does not confer jurisdiction on this court to issue a writ of mandamus against state officials for violations of their duties under state law or to compel state officials to perform discretionary functions. See Coniston Corp. V. Village of Hoffman Estates, 844 F.2d 461 (7th Cir. 1988); Rothstein v. Montana State Supreme Court, 637 F.Supp. 177, 178 (D. Mont. 1986). The writ requested by Petitioner would not in any manner aid this court in the exercise of its jurisdiction as required for the issuance of a writ under § 1651(a). See Sharp v. Hay, 2007 WL 3023937, *4 (W.D. Pa. Oct. 12, 2007). As such, the petition will be denied.[1]

---

[1] In reviewing the petition, it also appears that part of Petitioner's dispute is with his own attorney. Mandamus is not the proper remedy for resolving such differences. Further, in Petitioner's reply to the response, he clearly asserts ineffective assistance of counsel claims throughout his filing and attempts to challenge his underlying conviction and sentence. To the extent Petitioner attempts

4

**ACCORDINGLY, THIS 28th DAY OF JANUARY, 2008, IT IS HEREBY ORDERED THAT:**

1. The petition for writ of mandamus is **denied**.

2. The Clerk of Court is directed to **close this case**.

3. Any appeal from this order will be deemed frivolous, without probable cause and not taken in good faith.

>                         *s/EDWIN M. KOSIK*
>                         United States District Judge

---

to use this filing as a means to have his habeas corpus claims heard, the court will not entertain such claims by way of a petition for writ of mandamus. It is also worth noting that Petitioner does presently have counsel in his criminal proceeding, which is now on appeal to the Pennsylvania Superior Court. (Doc. 4, Exs. A, B.)